UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK HARRIS, CEO OF DEFENDERS
OF DUE PROCESS FOUNDATION, INC.,

                      Plaintiff,

                      -against-

MAYOR BILL DE BLASIO; CITY OF NEW
YORK,

                      Defendants.

21-CV-7304 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Derrick Harris ("Harris"), as CEO of Defenders of Due Process Foundation, Inc., brings this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Harris submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Harris must either pay the $402.00 in fees or submit the attached

---

[1] Defenders of Due Process Foundation, Inc. is listed as the sole plaintiff in the caption of the complaint, which is signed only by Derrick Harris, as CEO of Defenders of Due Process Foundation, Inc. Corporations, partnerships, and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed *pro se*). Moreover, as a *pro se* litigant, Harris cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Harris may not appear *pro se* on behalf of Defenders of Due Process Foundation, Inc.

IFP application. If Harris submits the IFP application, it should be labeled with docket number 21-CV-7304 (LTS). If the Court grants the IFP application, Harris will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

The Clerk of Court is directed to mail a copy of this order to Harris and note service on the docket. No summons shall issue at this time. If Harris complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Harris fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   September 3, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge